UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GREAT SOUTHERN DREDGING, INC.                CIVIL ACTION

VERSUS                                       NO. 09-2866

FEDERAL EXPRESS CORPORATION                  SECTION: "B"(1)

## ORDER AND REASONS

Before the Court is Plaintiff Great Southern Dredging, Inc.'s ("Plaintiff") Motion to Remand (Rec. Doc. No. 4). Defendants FedEx Corporate Services, Inc. ("Defendant") and Federal Express Corporation ("Defendant 2") (collectively referred to as "Defendants") filed a Memorandum in Opposition to said motion (Rec. Doc. No. 16.). For the following reasons, the Motion to Remand is **GRANTED**.

On February 6, 2008, plaintiff prepared and completed a bid for a public work project. The deadline for submission of the bid was 2:00 p.m. on February 7, 2008. On February 6, 2008, plaintiff hired FedEx to deliver their bid to the Greater Lafourche Port Commission's office in Galliano, Louisiana. The bid was moved by truck to Houma, Louisiana, and subsequently delivered in Galliano, Louisiana by Gina Pizzitola ("driver") at 2:52 p.m. the following day, one hour after the submission deadline.

There is some dispute as to whether a contract existed for the delivery of the bid by 10:00 a.m. on February 7, 2008. The bid was

loaded on a FedEx delivery truck at 7:58 a.m. Due to the "late" delivery of the bid, it was not considered for the project.

Plaintiff initially filed suit in the 17th Judicial Court for the Parish of Lafourche against FedEx Corporate Services on January 30, 2008. Plaintiff amended its complaint and added Defendant 2 as an additional defendant. Defendants then removed the case to federal court. Subsequently, Plaintiff amended their complaint to include a third defendant, the driver. Plaintiffs then filed the instant Motion to Remand the case to state court. Plaintiff is seeking $500,000 in damages plus interest and legal fees. Rec. Doc. No. 9, pg. 3.

A defendant may remove a civil action pending in state court if the federal court has original jurisdiction over the action. 28 U.S.C. §1441(a). However, the removing defendant has the burden of establishing facts that would show federal jurisdiction. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). If a case lacks subject matter jurisdiction, remand is permitted at any time before final judgment. 28 U.S.C. §1447(c); *Doddy v. Oxy USA*, 101 F.3d 448, 456 (5th Cir. 1996). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id.* at §1447(e). The removal statute should be strictly construed in favor of remand and any ambiguities should be construed against removal. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979); *York v. Horizon Fed. Sav.*

*and Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989).

Diversity jurisdiction exists when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." *See* 28 U.S.C. § 1332. A corporation is considered to be a citizen of the state that it has been incorporated and where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006). The burden of proof is on the party invoking federal jurisdiction if diversity is challenged. *Village Fair Shopping Center Co. v. Sam Broadhead Trust*, et al. 588 F.2d 431, 433(5th Cir. 1979). "The Fifth Circuit adopted the 'total activity' test as the legal standard for determining the principal place of a corporation" and "it calls for a 'thorough review' of the total corporate activity." *Village Fair Shopping Center Co. v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir. 1979) (*citing Soil Pipe Co. v. Central Foundry Co.*, 329 F.2d 313 (5th Cir. 1964)).

Plaintiff contends that the addition of the driver as a defendant destroys complete diversity. The defendants counter that the subsequent addition of a non-diverse defendant was Plaintiff's deliberate attempt to remove diversity jurisdiction.

"When a non-diverse party is brought into the action, complete diversity is destroyed and the case should be remanded." *See Doleac, v. Michalson*, 264 F.3d 470 (5th Cir. 2001) (stating that

most post removal developments-amendments of pleadings below jurisdictional amount or change in citizenship of a party will not divest the court of jurisdiction, but an addition of a non-diverse defendant will); *Falgout v. Mid State Land & Timber Co.*, 2009 WL 2163162 (E.D.La., 2009).

However a third-party complaint against a third-party defendant that is "merely ancillary or subordinate to the principal suit between Plaintiff and defendant" will not destroy diversity jurisdiction. *Williams v. Keyes*, 125 F.2d 208 (5th Cir. 1942), cert. denied, 316 U.S. 699 (1942). In *Keyes*, the court ruled that federal jurisdiction was not destroyed by the addition of third-party defendants who were citizens of the same state of the plaintiff since at the time of removal, the case stood "bona fide as one between resident plaintiffs and a single nonresident defendant." *Id*. at 209; *Falgout v. Mid State Land & Timber Co.*, 2009 WL 2163162 (E.D.La., 2009).

*Akers Motor Lines v. Newman*, 168 F.2d 1012 (5th Cir. 1948), further explains when a third party complaint against a third-party defendant is **not** merely ancillary to the principal suit. The district court dismissed a third-party complaint for lack of jurisdiction because it "[substituted] a wholly separate and distinct cause of action from that alleged in the original complaint." *Id*. at 1013. This idea is further explained in *Johnson*

4

*v. G.J. Sherrard Co.*, 2 F.R.D. 164 (D.Mass.1941), where a Massachusetts district court held:

> "[t]hat a plaintiff's claim was not ancillary where […] the claim(s) asserted against the third-party defendant claim(s) were co-ordinate, in view of the fact that the plaintiff sought relief in the alternative from whichever defendant caused the plaintiff's injury."

*Id*. at 166. In *Johnson*, the plaintiff, a New York citizen sued a defendant, a Massachusetts corporation, for negligence. *Id*. at 165. The plaintiff then amended his complaint to include a telephone company as a third-party defendant after the defendants removed the case to federal court. *Id*. The court explained that where "the claim against one defendant is as much the primary or principal proceeding as that against the other" it could not be said that the claim against the third-party was ancillary to the claim against the original defendant. *Id*. at 166; *Rule 14 of the Federal Procedure Rules*, 148 A.L.R. 1182. The court further pointed out that:

> "if the proceeding in this case was not ancillary, to allow the complaint would violate Rule 82, which prohibits the interpretation Federal procedure rules in such a way as to extend the jurisdiction of the Federal court."

*Id*.

Plaintiff's claim against the driver is identical and in the alternative of Plaintiff's claim against Defendants. Plaintiff's

5

third-party complaint alleges that the driver did not deliver Plaintiff's written bid material and is therefore also liable for its losses. Rec. Doc. No. 9, p. 2. Plaintiff also notes in its amended complaint that each and every allegation against the original defendants is alleged against the driver. See Rec. Doc. 9, ¶11. The third-party complaint here is not merely ancillary to or subordinate to claims against the nonresident corporate defendants. Defendant has not maintained its heavy burden of showing that the addition of this non-diverse third party defendant constitutes a fraudulent joinder.

Defendants also argue that even if the addition of the driver into the suit destroyed diversity jurisdiction, the Court still has federal question jurisdiction since Plaintiff's Petition for Damages asserts a federal claim against Defendants. *Id.*

Defendants rely primarily on *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, (5th Cir. 1997). There, the court maintained jurisdiction over claims against an airline carrier for three packages that never arrived at their final destination. *Id*. The court specifically determined that Plaintiff's cause of action arose under federal common law, which was the basis of removal to federal court *Id*. at 929.

While noting that plaintiff's claim did not arise under federal statute, the district court decided that the plaintiff's

6

claims arose under federal common law. *Id*. at 926. The court based its decision on uniformity (to avoid a split circuit). *Id*. at 929. The court however, noted that because it largely relied on the historical availability of a federal common law remedy along with the Airline Deregulation Act's preservation of a remedy, its determination that the plaintiff's claim arose under federal common law was limited. *Id*. at 929. The ADA preempts state law relating to the **rates, routes or services of air carriers**. 49 U.S.C. § 41713(b)(4)(A)(Emphasis added). This preemption clause, standing alone, does not give rise to federal jurisdiction, however. *Sam L. Majors Jewelers v. ABX*, Inc., 117 F.3d 922, (5th Cir. 1997) (citing *Caterpillar,* 482 U.S. 386, 393 (1987).

In the instant case, the 'well pleaded complaint rule' governs whether federal question jurisdiction exists. 28 U.S.C.A. § 1331; Vaden v. Discover Bank, 129 S. Ct. 1262 (2009) (*stating "under the longstanding well-pleaded complaint rule, a suit arises under federal law so as to give rise to federal question jurisdiction, only when the plaintiff's statement of his own cause of action shows that it is based upon federal law"*); Hannibal v. Federal Express Corp., 266 F.Supp.2d 469 (E.D.Va. 2003); *see also Caterpillar, Inc.,* 482 U.S. 386, 392. The rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded

7

complaint." *Id*. Furthermore, Plaintiff can avoid federal jurisdiction by exclusive reliance on state law. *Id*.

Plaintiff's complaint does not, on its face, reveal a federal question. Plaintiff's complaint does not allude to any federal statute, nor does it mention any federal common law cause of action. Consequently, no federal question jurisdiction exists as between the parties. To the extent that a defense to plaintiff's state law claims may be federally created, e.g. preemption, that alone does not provide a basis for federal jurisdiction over plaintiff's state law claims. *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F. 3d 922, 925 (5th Cir. 1997) (citing *Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2430, citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 12.

**IT IS ORDERED** that the captioned proceeding be and is hereby remanded to state court.

New Orleans, Louisiana, this 17th day of September, 2009.

_____
UNITED STATES DISTRICT JUDGE